IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Bernard Bagley,<br>   PETITIONER,<br> v.<br><br>David Dunlap, Warden,<br>   RESPONDENT. | Case No. 5:17-cv-00671-TLW<br><br>**Order** |

  Petitioner Bernard Bagley, proceeding *pro se* and *in forma pauperis*, filed this petition for habeas relief under § 2241.[1] ECF No. 1. The matter now comes before the Court for review of a Report and Recommendation (R&R) filed on March 28, 2017, by Magistrate Judge West, to whom this case was assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. ECF No. 12. In the R&R, the magistrate judge recommends that the petition be dismissed without prejudice. *Id.* Petitioner filed timely objections to the R&R on May 18, 2017. ECF No. 18. This matter is now ripe for decision.

  In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's

---

[1] As noted in the R&R, Petitioner filed his petition on a § 2241 form; however, the magistrate judge properly construed the petition as one under § 2254. *See In Re Wright*, 826 F.3d 774 (4th Cir. 2016).

findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the R&R and the objections. Petitioner objects to the magistrate judge's recommendation that the Court lacks subject matter jurisdiction and that his claims are not cognizable under § 2241. ECF No. 18. Dismissal of the petition without prejudice is proper for the reasons stated by the magistrate judge in her R&R because the grounds asserted and relief requested by Petitioner are not cognizable in a habeas proceeding under § 2241 or § 2254. Petitioner's allegations, which challenge the conditions of his confinement rather than the legality of the judgment confining him, are properly asserted as claims under 42 U.S.C. § 1983.[2] *See Wilkinson v. Dotson*, 544 U.S. 74, 78–83 (2005) (discussing the history and interplay of habeas and § 1983 claims). Accordingly, Petitioner's objections are **OVERRULED**.

After careful review of the R&R and the objections, for the reasons stated by the magistrate judge and the reasons set forth in this opinion, the R&R is **ACCEPTED**, and the petition is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

November 1, 2017
Columbia, South Carolina

---

[2] The Court notes that it would be improper to convert this habeas petition to a § 1983 action despite the Court's ability to do so *sua sponte*. *See e.g.*, *Glaus v. Anderson*, 408 F.3d 382, 388–90 (7th Cir. 2005) (discussing the problems of converting habeas actions to § 1983 claims *sua sponte*). Moreover, Petitioner requested dismissal without prejudice, as recommended by the magistrate judge, in the event his objections were overruled. *See* ECF No. 18.